# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANNON CARTER, | Case No. 2:18-cv-02064-RFB-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| BRIAN SANDOVAL, *et al.*, | |
| Defendants. | |

Before this Court is Plaintiff's Motion for TRO and Preliminary Injunction. ECF Nos. 3, 4. Plaintiff is a state prisoner who alleges that Defendants have miscalculated his time credits and that, as a result, he is being deprived of a timely parole board hearing. See NRS 209. 4465(7)(B) (earned credits apply to eligibility for parole, unless the statute specifies a minimum sentence). Plaintiff argues that Defendants fail to apply the law in Vonseydewitz v. Legrand, in which the Nevada Supreme Court held that NRS 209.4465(7)(B) could apply to make an inmate eligible for parole before the minimum sentence of a minimum-maximum sentence range had been served. No. 66159, 2015 WL 3936827 (Nev. June 24, 2015).

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter,

555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

Plaintiff frames his contention as a violation of federal due process, but Plaintiff alleges only a violation of state law. Namely, he contends that Defendants' conduct violates NRS 209.4465(7)(B). Violations of state law do not constitute denials of due process, and Plaintiff possesses no federal constitutional right to parole. Swarthout v. Cooke, 562 U.S. 216, 220, 222 (2011). Therefore, even if Plaintiff can successfully show that Defendants miscalculated his time credits in violation of Vonseydewitz and therefore deprived him of a timely parole board hearing as he alleges, Plaintiff will have shown only a state law violation, not a denial of due process under federal constitutional law. It follows that Plaintiff cannot show a likelihood of success on the merits. The Court therefore need not address the other elements of the preliminary injunction standard. The Court notes that Plaintiff has pendant proceedings in state court addressing his state law claim. Case No. A-16-743161-W; Eighth Judicial District Court, Clark County.

Therefore,

**IT IS ORDERED** that Plaintiff's Motion for TRO and Preliminary Injunction (ECF Nos. 3,4) is DENIED with prejudice.

DATED: December 27, 2018.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**